IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-04169-PAB
(Criminal Action No. 24-cr-00301-PAB-1)

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

1. EDWIN MEJIA,

    Defendant/Movant.

---

# ORDER

---

    This matter is before the Court on Edwin Mejia's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 100]. In his § 2255 motion, Mr. Mejia appears to challenge his conviction and sentence on grounds that include ineffective assistance of counsel and due process violations. The Court will construe the motion liberally because Mr. Mejia is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

    In March 2025, a jury convicted Mr. Mejia on one count of false statement to a firearms dealer in violation of 18 U.S.C. § 922(a)(6). Docket Nos. 63, 84. Mr. Mejia was sentenced to time served followed by two years of supervised release. Docket No. 84. Judgment entered on July 30, 2025. *Id*. On July 30, 2025, Mr. Mejia filed a Notice of

Appeal appealing his judgment and sentence that was transmitted to the Tenth Circuit Court of Appeals. Docket Nos. 86, 87. That appeal is pending.

The § 2255 motion is premature because Mr. Mejia has a direct appeal currently filed in the Tenth Circuit. *See United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) ("Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending."). Although there is no *ipso facto* bar to a district court adjudicating a § 2255 motion during the pendency of an appeal, dual proceedings do not promote judicial economy. *United States v. Prows*, 448 F.3d 1223, 1228-29 (10th Cir. 2006) (citations omitted). Mr. Mejia does not allege any extraordinary circumstances justifying the Court's consideration of his § 2255 motion before his appeal has concluded. Mr. Mejia may refile a § 2255 motion after his appeal is concluded, if he chooses.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability

because Mr. Mejia has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Mejia files a notice of appeal he also must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 100] is DENIED WITHOUT PREJUDICE as premature.  It is further

ORDERED that no certificate of appealability will issue because defendant has not made a substantial showing of the denial of a constitutional right.  It is further

ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED December 30, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

3